UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAA,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF DUBLIN, et al.,<br><br>            Defendants. | Case No. 14-cv-03260-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING REQUEST TO APPOINT COUNSEL**<br><br>Re: Dkt. No. 27 |

       Defendant City of Dublin has moved to dismiss pro se plaintiff David Jaa's complaint. That motion is set for hearing on December 17, 2014. Pursuant to Civil Local Rule 7-1(b), this matter is appropriate for resolution without oral argument and the hearing is VACATED. For the reasons discussed below, the City's motion is GRANTED but Mr. Jaa is given leave to amend as his negligence claim. Mr. Jaa's request for appointment of counsel is DENIED, but Mr. Jaa is again advised to contact the Court's Pro Se Help Desk for advice.

**BACKGROUND**

       Mr. Jaa asserts civil rights and state tort law claims against the City of Dublin and law enforcement officers Donald Couch, Christopher Shepard, and Jean M. Zedlitz. Plaintiff's claims stem from his arrest on July 3, 2013 and his subsequent detention. Plaintiff alleges that his arrest and detention were unlawful, personal property was stolen from him when he was arrested, and he was defamed by Officer Couch during the arrest. While at the jail, Jaa alleges that he was subjected to various unconstitutional conditions of confinement including solitary confinement, denial of access to prescription medications, food and sanitary conditions, and denial of his freedom of religion rights. He also claims that he was injured by climbing into his bunk and that upon release, the ankle monitor caused him further pain and injuries. First Amended Complaint (FAC) [Docket No. 13], ¶ 18. Jaa claims that as a result of these events surrounding his arrest and

detention, he was subject to intentional and negligent infliction of emotional distress, negligent infliction of physical harm, and racial discrimination in violation of California's Bane Act. Finally, he alleges the City negligently hired, trained, supervised, and disciplined its police offices.

The City has moved to dismiss the three causes of action asserted against it: (i) the Second Cause of Action under 42 U.S.C. § 1983, for its custom or policy of encouraging abuse of citizens by unreasonable searches and seizures, false arrest, and denial of equal protection; (ii) the Eighth Cause of Action for negligence in plaintiff's arrest and the defendants' use of force, which caused plaintiff physical and emotional pain; and (iii) the Ninth Cause of Action under 42 U.S.C. § 1983 for the City's negligent hiring, retention, training, supervision, and discipline of its police officers. Docket No. 27. The City moves to dismiss only on behalf of itself, asserting that the individual law enforcement officers have not been served.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the

Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### I. SERVICE ON THE INDIVIDUAL DEFENDANTS

As an initial matter, the City contends that the individual defendants – law enforcement officers Couch, Shepard, and Zedlitz – are not police officers of the City of Dublin, but are deputy sheriffs employed by the County of Alameda. Motion at 2, 3 fn1. Alameda County, as plaintiff acknowledges, contracts with Dublin to provide Dublin law enforcement officers. FAC ¶ 24.

The proofs of service in this case show that the United States Marshal's Service served the summonses for Couch, Shepard, and Zedlitz on the City of Dublin. Docket Nos. 21-23. The Court, therefore, DIRECTS the Marshal's Service to effectuate service against defendants Couch, Shepard, and Zedlitz as Alameda County deputy sheriffs.

### II. CITY OF DUBLIN'S MOTION TO DISMISS

The City moves to dismiss the three Causes of Action asserted against it, arguing that plaintiff has failed to allege sufficient facts to state a claim and that the claims are barred by plaintiff's no contest plea and governmental immunity under California Government Code § 820.2.

#### A. Second and Ninth Causes of Action

Plaintiff's Second Cause of Action asserts that the City is liable under Section 1983 for the violation of Jaa's right to be free from unreasonable searches and seizures, the right not to be deprived of life and liberty without due process of law, and the right to equal protection of the

3

laws. FAC ¶ 28. The Ninth Cause of Action asserts that the City is liable for the actions of the arresting officers due to its failure to train, supervise, and discipline the officers to prevent racial discrimination, including fabrications of police reports and racial profiling. FAC ¶ 51.

### 1. Legal Standard

A municipal entity like the City of Dublin has no respondeat superior liability under Section 1983; that is, the City has no liability under the theory that it is liable simply because it employs a person who has violated plaintiff's rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). However, municipal entities such as the City are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *Monell*, 436 U.S. at 690. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotations omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom, or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy or custom existed or that individual officers' wrongdoing conformed to a policy or custom. *See id*. at 636-68.

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). Ratification of the decisions of a subordinate by an official with final decision-making authority can also be a policy for purposes of municipal liability under § 1983. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

### B. Allegations

In his Second Cause of Action Jaa asserts that the City is liable for the constitutional violations – caused by the actions of the arresting officers – because the Officer Shepard was an official with "final policy making authority" whose conduct can impose liability on the City, and the City has shown deliberate indifference to "repeated acts of police misconduct." FAC ¶ 25.

These allegations fail to state a claim. Jaa pleads no facts showing that Officer Shepard is an officer who has policy or decision-making authority for the City of Dublin or Alameda County with respect to those entities' policies about unreasonable searches and seizures, the right not to be deprived of life and liberty without due process of law, and the right to equal protection of the laws. At most, he was a supervising officer who saw and/or knew about Officer Couch's arrest and detention of Jaa. His supervisory role, however, is insufficient to establish that Shepard has policy or decision-making authority for the City or Alameda County.

In the Ninth Cause of action, Jaa contends that his damages were sustained as the direct result of the City's failure to train, supervise, and discipline the officers and the "documented" instances in Alameda of fabrication of police reports and racial profiling. *Id*. ¶¶ 27; 51. Again, these cursory assertions are insufficient to plausibly plead that the City of Dublin/Alameda County has a policy or custom of fabricating police reports or engaging in racial profiling. Relatedly, Jaa fails to allege any *facts* to show that Jaa's arrest and detention were the result of such specific policies.

More problematic, however, is that both of the constitutional claims asserted against the City arise directly from Jaa's arrest. They are, by their own admission, based on Jaa's contention that he was arrested and detained *without cause* as a result of the City's policies supporting or encouraging false arrest and racial profiling. The City requests the Court take judicial notice of public documents regarding Jaa's arrest and subsequent court proceedings.[1] Those records

---

[1] The Court GRANTS the request for judicial notice of the criminal complaint filed against Jaa; Jaa's subsequent entry of a plea of no contest to the charge of "unlawful possession of specified controlled substance while armed with firearm" under Cal. Health & Safety Code § 11370.1(a); and the records of the Superior Court's acceptance of Jaa's no contest plea. ). *Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001) (court may take judicial notice of undisputed matters of public record).

5

establish that Jaa was charged with a number of offenses following his arrest on July 3, 2013; that Jaa subsequently pled no contest to the charge of unlawful possession of a specified controlled substance while armed with a firearm under Cal. Health & Safety Code § 11370.1(a); and that the plea was accepted by the Superior Court. Docket No. 28.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a person cannot bring a Section 1983 action based on a claim that his arrest or detention was unlawful when doing so would "necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. "[I]f it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.; *see also Szajer v. City of L.A.,* 632 F.3d 607, 612 (9th Cir. 2011) (holding no contest plea to weapons possession barred subsequent § 1983 suit that implied there was no probable cause for initial search and arrest); *Webb v. City & County of San Francisco*, No. C 11-00476 CRB, 2011 U.S. Dist. LEXIS 142574, * 19 (N.D. Cal. Dec. 12, 2011) (dismissing § 1983 claim where claim would imply invalidity of no contest plea). Here, there is no evidence here that Jaa's conviction has been invalidated. As such, Jaa cannot argue in this Court under Section 1983 that his arrest (and as a result, his subsequent detention in jail) were unlawful.[2]

In his opposition to the motion to dismiss, Jaa argues that his guilty plea was "based on fraudulent" representations, presumably by his defense counsel, which Jaa argues "voids any judgment." Opposition [Docket No. 34] at 1, 3-4. Jaa cannot attack the validity of his no contest plea or challenge the performance of his defense counsel in this case. That challenge must be made by direct appeal of the judgment in the underlying criminal case.[3]

---

[2] I note that Jaa does *not* allege that the arresting officers used excessive force during his arrest. While he complains that he was subjected to unconstitutional conditions of confinement during his detention at Santa Rita jail – run by Alameda County – those claims cannot be asserted against the City of Dublin, absent some evidence or facts that Dublin played any role in running the jail or had control over the conditions in the jail.

[3] In his opposition, Jaa asks the Court to take judicial notice of a medical card he purportedly gave to his defense counsel the day his motion to suppress was heard in the underlying criminal case. Oppo. at 6. Jaa does not explain the relevance of the medical marijuana card, but to the extent he argues it is support for finding his underlying conviction "void" or challenging the conduct of his defense counsel, those issues are irrelevant for purposes of determining this motion. The request for judicial notice, therefore, is DENIED.

Therefore, plaintiff's Second and Ninth Causes of Action – based on allegations that his arrest and subsequent detention were unlawful and not based on probable cause – are barred by *Heck* and dismissed.[4]

**C. Eighth Cause of Action**

Plaintiff's Eighth Cause of Action is for negligence, and is asserted against the individual defendants based on their "use of force and making of arrests" that caused him unnecessary physical harm and emotional distress. Plaintiff contends that the City is vicariously liable for allowing Jaa to be arrested when there was not probable cause to do so. FAC ¶ 46 ("after witnessing the PLAINTIFF to be responding well.").

As an initial matter, the complaint does not identify what physical or emotional harm the individual officers inflicted on Jaa. As noted above, there are no allegations that excessive force was used during the arrest itself. The only allegations of physical harm stem from incidents at the jail, but there are no facts suggesting that any of the individual arresting officers were responsible for the conditions at the jail. As to emotional distress, as the City notes, negligent infliction of emotional distress is not an independent tort, but simply damage resulting from the tort of negligence itself. *Marlene F. v. Affiliated Psychiatric Medical Clinic*, 48 Cal. 3d 583, 588 (1989). Because Jaa's complaint lacks any factual allegations explaining how the deputies negligently injured (physically or emotionally) Jaa, he has failed to state a claim.[5]

Jaa's Eighth Cause of Action for Negligence is DISMISSED, but Jaa is given leave to amend to expressly identify the facts that underlie his claim that the City is liable for the negligent actions of the officers.

---

[4] To be clear, I am not addressing the validity of Jaa's claims against the individual officers, including his claims that personal property was stolen during the arrest, but only the Section 1983 claims asserted against the City that are based on Jaa's contention that his arrest was unlawful and/or not supported by probable cause.

[5] The City also argues that Jaa's negligence claim against the City is barred by California Govt. Code § 820.2, which provides immunity for discretionary actions by municipal employees including police officers. Section 820.2, however, only provides immunity where the officer reasonably used his or her discretion and does not apply to claims that officers used unreasonable or excessive force. *See, e.g., Robinson v. Solano Cnty.*, 278 F.3d 1007, 1016 (9th Cir. 2002). It is not clear whether the Court can determine whether or not the arresting officers reasonably used their discretion at the pleading stage. *See also* Cal Govt. Code § 820.4 (employees are not immune from allegations of non-negligent false arrest or false imprisonment).

### III. REQUEST FOR APPOINTMENT OF COUNSEL

In his opposition brief, Jaa asks the Court to appoint him counsel. There is no constitutional right to counsel in a civil case, unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Turner v. Rogers*, 131 S.Ct. 2507, 2510 (2011) (right to counsel exists only in cases involving risk of incarceration); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in a § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).

Here, there is no risk that Jaa will be incarcerated if he loses *this* case. He is not facing criminal or civil contempt charges that are punishable by jail. He is instead seeking damages to compensate him for the physical, emotional, and financial injuries he alleged occurred as a result of his arrest on July 3, 2013. Therefore, he does not have a right to have counsel appointed. Moreover, at this early stage of his case, I do not see exceptional circumstances warranting appointment of counsel under 28 U.S.C. § 1915.

Mr. Jaa, however, should contact the Court's Pro Se Help Desk by calling the appointment line at (415) 782-8982 or by signing up for an appointment in the appointment book outside the door of the Help Center, located at the San Francisco courthouse at 450 Golden Gate Avenue on the 15th Floor, Room 2796, or in Oakland at the United States Courthouse, 1301 Clay Street 4th Floor, Room 470S. Appointments are held Monday through Friday at various times throughout the day. Plaintiff can speak with an attorney who will provide basic legal help, but not legal representation.

**CONCLUSION**

Plaintiff's Second and Ninth Causes of Action against the City – based on the allegations that Jaa's arrest was unlawful or otherwise not based on probable cause – are DISMISSED WITH PREJUDICE. Plaintiff's Eighth Cause of Action against the City for negligence is DISMISSED with leave to amend. Jaa's amended complaint must be filed by **January 5, 2015**.

The Marshal's Service is DIRECTED to serve defendants Couch, Shepard, and Zedlitz as Alameda County deputy sheriffs. The motion for appointment of counsel is DENIED without prejudice to being raised again if the case continues.

**IT IS SO ORDERED**.

Dated: December 10, 2014



WILLIAM H. ORRICK
United States District Judge