UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAA,<br><br>   Plaintiff,<br><br>   v.<br><br>CITY OF DUBLIN, et al.,<br><br>   Defendants. | Case No. 14-cv-03260-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 48 |

Pro se plaintiff David Jaa's second amended complaint ("SAC") suffers from the same central defect as his first amended complaint: *Heck v. Humphrey,* 512 U.S. 477, 487 (1994) prevents him from challenging the fact of his arrest and detention, and most of Jaa's causes of action arise from claims that his arrest was false and that the arresting officers lacked probable cause. I held a hearing on defendants' motion to dismiss on April 22, 2015 to underscore to Jaa that in order to assert claims barred by *Heck*, he will need to prevail in his lawsuit in state court to overturn his conviction. I also explained that while he is not entitled to a stay of those claims until the state court rules in his favor, he could re-file the claims if he succeeds in getting the conviction overturned, since the statutes of limitations on those causes of action would begin running at that time. I added that if he wants to assert claims that are not barred by *Heck*, he needs to state additional specific facts to show that his claims are plausible. For these reasons, I GRANT the defendants' motion to dismiss Jaa's claims that are barred by *Heck* with prejudice, and dismiss all other claims without prejudice. I give Jaa leave to amend one last time to plead claims that are not barred by *Heck*, if he wishes.

## BACKGROUND

I incorporate the facts set forth in the prior order. Jaa asserts civil rights and state tort law claims against the County of Alameda, the City of Dublin and law enforcement officers Donald

Couch, Christopher Shepard, and Jean M. Zedlitz. SAC at 1-2 (Dkt. No. 42). His claims stem from his arrest on July 3, 2013 and his subsequent detention. *Id.* at 2. His central allegations, encompassing 13 causes of action, are that his arrest and detention were unlawful, that personal property was stolen from him when he was arrested, and that while in the jail, he was subjected to various unconstitutional conditions of confinement. *Id.* at 9-23. This included solitary confinement, denial of access to prescription medications, unacceptable food and sanitary conditions, and denial of his religious rights. *Id.* at 7-8. Jaa also claims that he was injured by climbing into his bunk and that upon release, the ankle monitor caused him further pain and injuries. *Id.* Following his arrest, he pleaded no contest to the charge of "unlawful possession of specified controlled substance while armed with firearm" under California Health & Safety Code § 11370.1(a).[1] Order at 6 (Dkt. No. 36).

      Jaa contends that as a result of the events surrounding his arrest and detention, he was subjected to an unlawful search and seizure in violation of the Fourth Amendment and was deprived of his right to exercise his religious beliefs under the First Amendment. *Id.* at 9, 21-22. He asserts state law claims of intentional and negligent infliction of emotional distress, negligent infliction of physical harm, and racial discrimination in violation of California's Bane Act. *Id.* at 13-16. Jaa claims that the City negligently hired, trained, supervised, and disciplined its police officers. *Id.* at 17-18. He also asserts that he was defamed by Officer Couch during the arrest. *Id.* at 18. Finally, Jaa asserts that the defendants engaged in a conspiracy to improperly arrest him and cover up the actions of a superior in violation of 42 U.S.C. §§ 1983 and 1985. *Id.* at 19-23.

      Jaa's first amended complaint contained similar allegations. I dismissed that complaint with prejudice as to his second and ninth causes of action against the City, and without prejudice as to his cause of action against the City for negligence. Order at 9. Because Jaa had only served the City, I directed the United States Marshal's Service to serve the individual defendants, which it did. *Id.* at 3.

---

[1] I GRANT the defendants' request for judicial notice of the criminal complaint against Jaa and his subsequent plea. *See* Order at 5.

**LEGAL STANDARD**

A court must dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) if it fails to state a claim upon which relief can be granted. This standard requires a plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To make a showing of "facial plausibility," the plaintiff must plead factual allegations that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," they do require a plaintiff to allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether a plaintiff has stated a claim for which relief can be granted, courts assume that the plaintiff's allegations are true and draw all reasonable inferences in its favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, courts need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal citations and quotations omitted).

Courts hold pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff proceeds pro se, the pleadings are construed liberally and the plaintiff is afforded the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**DISCUSSION**

**I. A STAY PENDING JAA'S APPEAL AND PETITION FOR HABEAS CORPUS IS NOT APPROPRIATE**

In his opposition, Jaa requests that I grant a stay of his civil action pending his appeal of his conviction and habeas petition in state court. Oppo. 4-5 (Dkt. No. 52). As the defendants point out, all of the cases that Jaa cites were decided before *Heck* and are inapposite. *See id.* at 4-7. In *Edwards v. Balisok*, the Supreme Court clarified that it is improper for a district court to

grant a stay of a 1983 action until the litigant's state criminal proceedings are exhausted. 520 U.S. 641, 649 (1997). Instead, the court must dismiss the action. *Id.* If Jaa's conviction is invalidated on appeal or upon writ of habeas corpus, he may bring another 1983 action, as the cause of action does not accrue until the plaintiff's conviction is overturned. *See In re Bonilla*, No. C 11-6306 CW PR, 2012 WL 216401, at *2 (N.D. Cal. Jan. 24, 2012).[2]

Jaa contends that his action should be stayed pursuant to the Supreme Court's opinion in *Wallace v. Kato*. Dkt. No. 54 at 6. However, *Wallace* does not stand for the proposition that 1983 actions barred by *Heck* must always be stayed pending final resolution. Instead, the court found that *Heck* did not bar false arrest claims that were brought *before* a conviction was obtained. *See Wallace v. Kato*, 549 U.S. 384, 385 (2007) (rejecting the contention that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside").

Where, as here, the plaintiff's false arrest claims were brought post-conviction, and necessarily affect the validity of the conviction, they must be dismissed. *See Taylor v. City of San Bernardino*, No. EDCV 09-240, 2010 WL 2682476, at *5 (C.D. Cal. Jan. 22, 2010) *report and recommendation adopted,* No. EDCV 09-240, 2010 WL 2682495 (C.D. Cal. June 30, 2010) ("When a plaintiff brings a false arrest claim before she has been convicted, the federal court should stay the civil action while the criminal case is pending. Here, plaintiff already has been convicted. To the extent her false arrest claim implicates the validity of her conviction, the claim is *Heck*-barred and should be dismissed as such.") (internal citations and quotations omitted); *see also Franco v. City & Cnty. of San Francisco*, No. C 10-04768 WHA, 2012 WL 1980799, at *9-10 (N.D. Cal June 1, 2012); *Peyton v. Burdick*, No. 1:07-CV-00453LJOTAG, 2008 WL 1776450, at *5-6 (E.D. Cal. Apr. 18, 2008).

## II. JAA'S CAUSES OF ACTION ARE BARRED BY THE *HECK* DOCTRINE OR OTHERWISE FAIL TO STATE A CLAIM

In my prior order, I held that the doctrine established by the Supreme Court in *Heck v. Humphrey* barred Jaa's second and ninth causes of action against the City. Order at 3-7. I stated

---

[2] Because a stay is not appropriate, Jaa's request for judicial notice is DENIED as moot.

that "Jaa cannot argue in this Court under Section 1983 that his arrest (and as a result, his subsequent detention in jail) were unlawful." *Id.* at 6. I noted that Jaa did not allege that the arresting officers used excessive force during his arrest, or that the City had any role in the allegedly unconstitutional conditions of confinement. *Id.* I also rejected Jaa's arguments that attacked the validity of his no contest plea and the performance of his attorneys in the criminal case, because Jaa may only make these challenges in the appeal of his criminal case. *Id.*

Under the *Heck* doctrine, when a plaintiff "seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This doctrine applies to no contest pleas as well as guilty pleas. *Gomez v. City of Whittier*, 211 F. App'x 573, 575 (9th Cir. 2006); *Mancheno v. City of Orinda*, No. 14-CV-04061-EDL, 2015 WL 632402, at *4 (N.D. Cal. Feb. 13, 2015). Courts have also dismissed state law claims under the *Heck* doctrine where a state claim arises from the same alleged misconduct that is barred by *Heck*. *See Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2008) (ruling that there is no "reason to distinguish between section 1983 and a state tort claim arising from the same alleged misconduct"); *see also Muhammad v. Garrett*, No. 1:12-CV-01199-JLT, 2014 WL 7004752, at *12 (E.D. Cal. Dec. 11, 2014); *Mong Kim Tran v. City of Garden Grove*, No. SACV 11-1236 DOC ANX, 2012 WL 405088, at *6 (C.D. Cal. Feb. 7, 2012).

The critical question in this case is whether the success of Jaa's claims would necessarily imply the invalidity of his conviction for the unlawful possession of a controlled substance while armed with a firearm. The SAC includes thirteen causes of action, including state law tort and negligence claims. The majority of these claims stem from Jaa's allegedly unlawful arrest. I will discuss each in turn.

**A. First cause of action**

In the first cause of action, Jaa alleges that the defendants violated his constitutional rights by (i) unlawfully making a traffic stop; (ii) unlawfully arresting him; (iii) fabricating a police report that led to incarceration; (iv) seizing his personal property and not listing it in the inventory;

5

(v) hindering the exercise of his religious practices; and (vi) treating him unequally in violation of the Equal Protection Clause. SAC at 9.

Jaa cannot challenge the validity of his arrest without implying the invalidity of his conviction. Order at 6; *see also Heck*, 512 U.S. at 487; *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (1983 action is not the proper vehicle to challenge arrest, prosecution, and conviction). Therefore, he cannot allege that the officers unlawfully made a traffic stop, arrested him, or fabricated a police report. *See Whitaker v. Garcetti*, 486 F.3d 572, 583-84 (9th Cir. 2007) (*Heck* bars claims attacking evidence or documents that supported the arrest and ultimate conviction).

While Jaa could bring an action that the police used excessive force during his arrest without implicating the validity of his conviction, *see Smithart*, 79 F.3d at 953, he has not done so here. In addition, the SAC does not contain any facts that indicate that the defendants used excessive force during the arrest.

Similarly, Jaa cannot plead constitutional violations that arise out of the mere fact that he was detained pursuant to his arrest. Instead, he must plead facts that demonstrate that the conditions of his detention violated his constitutional rights. *See*, e.g., *Nonnette v. Small*, 316 F.3d 872, 875 n.3 (9th Cir. 2002) ("A prisoner who seeks damages only for being subjected to unconstitutional procedures, without implying the invalidity of (or seeking damages for) the resulting loss of good-time credits, may proceed under § 1983 without first invalidating his disciplinary proceeding"); *Richardson v. Dep't of Corr. & Rehab.*, No. 14-16203, 2015 WL 1275929, at *1 (9th Cir. Mar. 20, 2015).

Jaa's claim that he was robbed of his freedom to exercise his religion is unsupported by any facts other than that he was incarcerated. While he alleges that he was unable to practice his religion because he was forced to sleep on the floor during processing, and because his roommate was unclean and ate pork skins, *see* SAC at 7-8, he does not state that he made any requests for relief from these conditions to practice his religion and he does not indicate any action by any of the defendants that interfered with his First Amendment rights aside from the fact that he was incarcerated. Likewise, there are no facts that support Jaa's claim of unequal treatment or equal protection violations other than the fact of his arrest and detention.

6

1    Lastly, Jaa asserts that his Fourth Amendment rights were violated because the police took
2    his property without listing it in the inventory and never returned it to him upon his release. *See*
3    SAC at 9. This challenge is not barred by the *Heck* doctrine, as it does not affect the validity of
4    Jaa's conviction. However, it does not plead a constitutional violation that is a predicate to his
5    1983 claim.

6    The initial seizure of Jaa's property was incident to a valid arrest, so Jaa cannot contest the
7    seizure under *Heck*. Jaa's only remaining challenge is that the police deprived him of his property
8    rights without due process by failing to inventory or return his property. But courts have held that
9    this is not a proper claim under section 1983 because a state law action would provide Jaa with
10   due process. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) ("[A] negligent or
11   intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state
12   has an adequate post deprivation remedy. California Law provides an adequate post-deprivation
13   remedy for any property deprivations.") (internal citations and quotations omitted). Although
14   *Barnett* and other cases involve the deprivation of prisoners' rights, their reasoning applies with
15   equal force to non-prisoners. *See Smith v. Cnty. of Santa Cruz*, No. 13-CV-00595 LHK, 2014 WL
16   3615492, at *9 (N.D. Cal. July 22, 2014) (dismissing plaintiff's 1983 claim based upon *Barnett*
17   when he asserted that his property was not returned to him upon release from prison). In other
18   words, Jaa may bring a state court claim to recover his sunglasses and other property, but not a
19   1983 action.

20   For all of the above reasons, Jaa's first cause of action is barred by *Heck* and *Barnett*, and
21   is dismissed.

22   **B. Second and ninth causes of action**

23   The second cause of action asserts a violation of section 1983 based upon the City's
24   violation of Jaa's right to be free from unreasonable searches and seizures, the right not to be
25   deprived of life and liberty without the due process of law, and the right to equal protection of the
26   laws. SAC at 9-10. The ninth cause of action asserts that the City violated Jaa's rights by failing
27   to properly train, supervise, and discipline its officers. SAC at 17-18.

28   In my prior order, I dismissed both causes of action with prejudice because they are barred

7

by the *Heck* doctrine. Order at 5-7, 9. I noted that the allegations in the second and ninth causes of action were "based upon allegations that [Jaa's] arrest and subsequent detention were unlawful and not based on probable cause." *Id.* at 7.

The second cause of action in the SAC is identical to that in the first amended complaint, except that the SAC also refers to the Santa Rita Jail. The ninth cause of action in the SAC includes more facts regarding the City's policy that allegedly led to the violations of Jaa's rights but does not change the fundamental basis for the allegations – that Jaa's arrest and detention were unlawful. Therefore, I STRIKE the second and ninth causes of action from the SAC because they were dismissed with prejudice.[3]

### C. Third cause of action

The third cause of action alleges false imprisonment and illegal arrest. SAC at 11-12. For the reasons discussed above, this cause of action is barred by the *Heck* doctrine.

### D. Sixth and seventh causes of action

In the sixth and seventh causes of action, Jaa alleges that the defendant officers violated California Civil Code §§ 51.7 and 52.1(a), respectively. SAC at 14-15. Essentially, he asserts that the police improperly stopped and arrested him because of his race and without probable cause. *Id.* Both of these causes of action challenge the circumstances surrounding Jaa's arrest, and necessarily implicate the validity of his conviction. As discussed above, these causes of action are barred by *Heck* and must be dismissed.

### E. Fourth, fifth, eighth, and tenth causes of action

In the fourth, fifth, eighth, and tenth causes of action, Jaa alleges state law claims of intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, and defamation. SAC at 13-14, 16, 18.

Jaa's emotional distress claims stem from his arrest. He states that the "extreme and outrageous conduct" committed by Couch, Shepard, and Zedlitz consisted of his "interrogation[,]

---

[3] Jaa requests that I substitute the County of Alameda for the City of Dublin in the second and ninth causes of action. Oppo. 1-2. However, these claims suffer the same defects regardless of who the defendant is. Therefore, Jaa's request to substitute is denied as moot.

arrest, missing most of the most [n]oted religious practice of ones faith, celebrating Independence Day in jail and be[ing] rail roaded [through] the judicial system on charges made up by [] law enforcement." SAC at 13. These all are challenges to Jaa's arrest and conviction that are barred by *Heck*.

In his fourth cause of action, Jaa also makes a claim of intentional infliction of emotional distress based on his fear of retaliation against his family because, when Couch came to his cell one morning at 3:00 a.m., Jaa accused Couch of lying about the fact that Couch had not recorded that he had taken Jaa's keys. *Id.* Although such a claim would not be barred by *Heck*, it must be dismissed for failure to state a claim. Jaa does not clearly assert any conduct of Couch could plausibly be extreme and outrageous. Without more facts to indicate how Couch acted in an extreme and outrageous manner that reasonably caused Jaa to suffer emotional distress, Jaa's claim for intentional infliction of emotional distress is inadequate.

As with the fourth cause of action, Jaa's negligent infliction of emotional distress and negligence claims are premised upon the facts of his arrest, and suggest that he was detained without probable cause. *See id.* at 14, 16. Jaa's tenth cause of action for defamation states that the defendants falsely accused him of crimes that he did not commit, and caused passerby to see him being falsely arrested. *Id.* at 18. These claims are also barred by *Heck* because the success of the causes of action would conflict with the fact of Jaa's conviction by undermining the officers' probable cause to stop Jaa.

### F. Eleventh cause of action

The eleventh cause of action states that the defendants conspired to falsely arrest Jaa. *Id.* at 19-21. Jaa relies upon the facts of his arrest and detention: that there was no probable cause, that the police submitted a false report, and that he suffered anxiety while in jail. *See id.* at 21. For the reasons discussed above, these claims are barred by *Heck*.

### G. Twelfth cause of action

In the twelfth cause of action, Jaa asserts a violation of his First Amendment right to freely exercise his religion. *Id.* at 21-22. The claims in this cause of action are substantially the same as those discussed in the first cause of action, and accordingly must also be dismissed under Rule

1   12(b)(6) for failure to state a claim upon which relief can be granted.

**H. Thirteenth cause of action**

In Jaa's final cause of action, he asserts that the defendants violated 42 U.S.C. § 1985(3), conspiracy to interfere with civil rights, by covering up the actions of a superior. *Id.* at 22. However, he does not allege any facts to substantiate this claim, and repeats the same objections to his arrest and confinement as discussed above. Jaa fails to state a claim under Rule 12(b)(6), and this cause of action is dismissed.

## CONCLUSION

To the extent that the above causes of action are barred by the *Heck* doctrine, they are dismissed with prejudice. I grant plaintiff leave to amend his complaint one last time if he is able to adequately plead one or more violations of his constitutional rights that would not implicate the validity of his conviction. I deny plaintiff's request for a stay. In doing so, I note again that if Jaa's conviction is overturned on appeal or through his habeas petition, many of his 1983 causes of action would accrue at that time, and he may then seek relief. If he wishes to amend the complaint in this case, he must do so within thirty (30) days of the date of this Order.

**IT IS SO ORDERED**.

Dated: April 30, 2015



WILLIAM H. ORRICK
United States District Judge